FILED

2008 Feb-26  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
SHERYL L. LEWIS,              }
                              }
        Plaintiff,            }
                              }    CIVIL ACTION NO.
v.                            }    07-AR-0416-S
                              }
COMPASS BANK,                 }
                              }
        Defendant.            }
```

## MEMORANDUM OPINION

Pursuant to the court's previous order, the only remaining claim of plaintiff, Sheryl L. Lewis ("Lewis"), is a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA") against her employer, defendant, Compass Bank ("Compass"). Lewis alleges that Compass did not select her for a promotion because of her age.  The court has before it Compass's motion for summary judgment.  Additionally, Compass has moved to strike Lewis's declaration attached to her response to its motion for summary judgment.  For the reasons that follow, the court will grant both of Compass's motions.

## FACTS[1]

Lewis is a forty-seven (47) year old African-American woman employed by Compass as a Telephone Service Specialist in its

---

[1]      In accordance with Fed. R. Civ. P. 56(c), the narrative statement of facts include facts that are undisputed by the parties, and where there is a dispute, the facts are presented in the light most favorable to Lewis, the non-moving party.

customer service department.   Compass hired Lewis in September 1999.   During her tenure at Compass, Lewis has frequently sought promotions via Compass's "bidding" process.   She has been largely unsuccessful in this process but was promoted from a Grade 7 Customer Service Specialist position to her Grade 8 Senior Customer Specialist position in February 2001.   In her position at Compass, Lewis is responsible for taking telephone calls from customers who are having problems.   If Lewis could not handle the customer's problem, she would refer the call to a manager.   Compass categorizes these calls as "escalated calls."   It is noted on Compass's comparison of applicants for the position at issue that, in her current position, Lewis had "lots of escalated calls" and that she gave her manager "about 2 per day."

In May 2006, Lewis bid on a position as a Client Care Analyst. A Client Care Analyst is essentially a Customer Service Manager who takes escalated calls when Compass's initial customer service representative cannot handle the customer's problem or request. Mike Burnette, a Client Care Manager, was listed as the "searching manager" for the vacant position and handled the bidding and interviewing process for this position for Compass.   The job posting contained the following information:

> **REQUIRED QUALIFICATIONS:** Bachelor's degree or equivalent professional experience.   At least one year Compass Bank customer contact experience with successful history dealing with complex, irate and difficult customer situations... Must have excellent verbal and written communication skills along with strong customer service

skills... Must have the ability to think and act independently, identify problems, find resolutions, manage time to handle multiple issues simultaneously, use good judgement and manage problems through to resolution. Must maintain a satisfactory attendance record.

**PREFERRED QUALIFICATIONS:** Prefer experience working with Compass Bank loan accounts. Prefer an average Quality Assurance score of 90% or higher for the past 3 months.

After receiving bids on the job, Burnette selected Lewis for an interview. She was one of seven applicants considered for the position. Burnette conducted Lewis's interview and noted that in it, she did not directly answer his questions and tended to ramble. Burnette also required all applicants to submit written products (or as Lewis termed it, an "essay"). Lewis was required to submit her written product to Burnette by the end of the day of her interview. In her "essay," submitted via email, Lewis made several errors. She repeatedly used incorrect grammar and punctuation and committed other fundamental composition errors, such as comma splices, run-on sentences, and spelling and capitalization errors. Burnette noted these errors in evaluating her written submission. In addition to the interview and written submission, Lewis and the other job applicants handled some escalated calls from Compass customers to demonstrate how they would operate if promoted to this position. In his notes on Lewis, Burnette wrote that she had no loan experience and no previous escalated call experience. He also made notations of "written and verbal comm. skills" and "volume of esc. calls."

After evaluating each applicant's submissions and performance in their interviews and sample calls, Burnette created an "Applicant Comparison" spreadsheet. This chart listed all applicants and the different criteria used to evaluate them, including education, previous performance rating, deposit and loan experience, attendance, Compass escalated call experience, communications skills, years of customer service experience, and a "shop score" (a rating using Compass's employee evaluation system). Each of these areas was weighted as to its relative importance in the hiring decision, with escalated call experience and communication skills being weighted most heavily among the hiring criteria. The spreadsheet also included listings of each applicant's initial hiring date, current salary and grade-ranking, and a section for other comments on qualifications. Each category reflects a different aspect of the "required" and "preferred" qualifications listed on the job posting for the position. Burnette stated that in evaluating the applicants' scores and ranks, lower numbers were better and therefore more of an indication that the applicant was qualified for the promotion.

Of the seven applicants, Debbie Haplin had the lowest score and was therefore, using the criteria strictly, the best candidate. However, she had less than one year experience at Compass. Thus, Burnette and Shane Franklin, Compass's Senior Vice President for Customer Service, determined that she should not get the position.

The applicant with the next-lowest score was Lettisha Hatcher ("Hatcher").  Hatcher had worked for Compass for approximately two years and had much more experience than Haplin.  Hatcher was selected for the position.  Lewis estimates that Hatcher is approximately thirty (30) years old.  Lewis had the highest score of the seven applicants and was thus ranked last among the candidates vying for the position.

After Lewis was not selected for the position, she contacted Burnette and inquired as to why she did not get the job.  Burnette informed her that she had "fluff" in her conversation during her interview and that she had grammatical and verbiage errors in her essay.  Burnette also told Lewis that the employee selected had more banking experience than Lewis did and that her essay was superior to Lewis's.  In her deposition, Lewis gave her self-serving opinion that she is "probably just as qualified" as, or "probably more qualified" than, Hatcher.

## ANALYSIS

*Compass's Motion for Summary Judgment*

Compass argues that it has articulated a legitimate, non-discriminatory reason for promoting Hatcher over Lewis and that Lewis has not rebutted that reason and shown that Compass's actions were motivated by discriminatory animus against older employees. Thus, Compass urges the court to find that it is entitled to a judgment as a matter of law because no reasonable jury could return

a verdict for Lewis.  *See* Fed. R. Civ. P. 56(c).  The court agrees with Compass and, for the following reasons, finds that Compass's motion is due to be granted.

ADEA claims based on circumstantial evidence of discrimination are evaluated by following the framework laid out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973) for evaluating Title VII claims.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) ("This Court, as well as other federal courts of appeals, uses the framework established in *McDonnell Douglas*... to evaluate ADEA claims that are based upon circumstantial evidence of discrimination.").  Because Lewis has not proffered any direct evidence that Compass discriminated against her based on her age, the *McDonnell Douglas* framework must be employed here.

Under *McDonnell Douglas*, to base a claim of age discrimination on circumstantial evidence, a plaintiff must first show that she has established a *prima facie* case of discrimination.  In its motion for summary judgment and supporting brief, Compass assumes *arguendo* that Lewis has established a *prima facie* case of age discrimination.  The court finds that Compass correctly concedes this point because (1) Lewis is over forty (40) years old, (2) she was at least minimally qualified for the promotion, (3) she was rejected, and (4) Compass promoted Hatcher, who is ostensibly younger than age forty (40).  *See Springer v. Convergys Customer*

6

*Mgmt. Group,* 509 F.3d 1344, 1347 n.2 (11th Cir. 2007); *Crawford v. Johnson*, 133 Fed. Appx. 674, 675 (11th Cir. 2005); *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769 (11th Cir. 2005); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998) (listing the elements of a *prima facie* case of discrimination in failing to promote).  Lewis has established a *prima facie* case of age discrimination.

Once a plaintiff has established a *prima facie* case and created an inference of discrimination on the part of the employer, under the *McDonnell Douglas* framework, to eliminate this presumption, "the defendant need only to produce evidence that there is a legitimate, non-discriminatory reason for the challenged employment action." *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002).  At this stage, the Eleventh Circuit has emphasized that the defendant's burden is extremely light: "it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Chapman*, 229 F.3d at 1024.  Here, Compass has articulated a legitimate reason for not promoting Lewis:  Lewis was less qualified for the job than Hatcher.  Compass has adduced persuasive evidence to support this reason.  Thus, Compass has met its burden of production and has rebutted Lewis's demonstrated presumption of discrimination.

Once a defendant has proffered a legitimate, non-discriminatory reason for its treatment of the plaintiff, the

burden shifts to the plaintiff to demonstrate that the defendant's reason is simply a pretext for discrimination. *See Damon v. Fleming Supermarkets of Fla.*, 196 F.3d 1354, 1361 (11th Cir. 1999). *See also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004) ("If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it... Quarreling with that reason is not sufficient."). In her response to Compass's motion for summary judgment, Lewis makes no effort to show that Hatcher was not qualified. Her contention seems to be that Compass's subjective criteria in evaluating the applicants permitted discriminatory decision-making. This argument fails in combating Compass's motion for summary judgment for two reasons.

First, the Eleventh Circuit has repeatedly held that employers may use subjective criteria in making employment decisions without violating anti-discrimination statutes. *See id.* ("We have explained that 'an employer's use of subjective factors in making a hiring or promotion decision *does not raise a red flag*. *Certainly nothing in our precedent* established that an employer's reliance upon legitimate, job-related subjective considerations *suggests in its own right an intent to facilitate discrimination*.'") (emphasis added). Second, raising the specter of discriminatory animus based on subjective criteria in decision-making does nothing to rebut Compass's contention that Hatcher was

8

more qualified than Lewis.  To rebut an employer's proffered reason as a pretext for age discrimination, the employee must produce evidence that creates a genuine issue of material fact:  evidence showing "*both* that the reason was false, *and* that discrimination was the real reason." *Brooks v. County Comm'n*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993))(emphasis in original).  In order to rebut an employer's contention that the person promoted was more qualified than the plaintiff, the Eleventh Circuit has established a "stringent standard." *Wilson*, 376 F.3d at 1090.  To rebut an employer's claim that the plaintiff was not selected simply because he was not as qualified as the person who was promoted, the plaintiff must show "that the disparities between the successful applicant's and his own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Springer*, 509 F.3d at 1349 (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004)).

Here, Lewis herself admits that she is "probably just as" or "probably more qualified" than Hatcher.  This certainly does not indicate a weighty or significant disparity in qualifications between the two.  In addition, Burnette's applicant comparison chart shows that both Lewis and Hatcher had roughly the same performance rating, attendance record, and shop scores.  However,

Hatcher had deposit and loan experience whereas Lewis did not, Hatcher had "outstanding" communication skills where Lewis had only "proficient" skills, and Hatcher had previous escalated call experience whereas Lewis had none.[2]  Although Lewis had more time at Compass (Hatcher had more total years of experience in banking but most of her experience was with another bank) and had a more complete educational background, her qualifications do not indicate that she was markedly more qualified for the position than Hatcher was.  Because Compass has articulated a legitimate, non-discriminatory reason for not promoting Lewis and because Lewis has not produced evidence disproving it and demonstrating that it is a pretext for Compass's discriminatory motives, Compass is entitled to a judgment as a matter of law on Lewis's ADEA claim.

*Compass's Motion to Strike*

Compass has moved to strike Lewis's declaration that was attached to her response to Compass's motion for summary judgment. Compass argues that the court should strike the declaration because it does not meet the requirements for declarations set out in 28 U.S.C. § 1746 and that even if the court does not strike the entire declaration on this ground, it should nonetheless strike some

_____

[2]     Lewis points out that Burnette, who made the hiring decision here, was the individual who gave Hatcher (and other Compass employees) the opportunity to handle escalated calls even though it was not a part of her job, indicating that he may have "hand-picked" who would be qualified to receive this promotion. Although this could, on other facts, be an indicator of some discriminatory animus, the burden is on Lewis to prove *both* that Compass's proffered reason was false *and* that discriminatory animus was the real reason. *See Brooks*, 446 F.3d at 1163.  Here, Hatcher was more qualified than Lewis on grounds other than having previously handled escalated calls.  Because Lewis failed to rebut Hatcher's putative superior qualifications for the position, Lewis has not rebutted Compass's proffered reason and thus has not met her burden of proof.

portions of it because they are inconsistent with Lewis's deposition testimony and/or are conclusory.

The Eleventh Circuit has stated, "The court on summary judgment may consider a declaration executed in accordance with [28 U.S.C. § 1746] as an affidavit." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1444 n.36 (11th Cir. 1991). Lewis has not complied with this statute in making her affidavit because she has not sworn under penalty of perjury that her statements are true and correct. The Eleventh Circuit has stated further that "unsworn statements... should not be considered in determining the propriety of summary judgment," and that even though 28 U.S.C. § 1746 provides an alternative to making a sworn statement, that alternative statement must aver that it "is true under the penalties of perjury." *Holloman v. Jacksonville Housing Auth.*, No. 06-10108, 2007 WL 245555, at *2 (11th Cir. Jan. 30, 2007) (internal citations and punctuation omitted). Because Lewis's declaration is unsworn and was not made in accordance with 28 U.S.C. § 1746, the court must strike it. Even if Lewis's declaration had been made in accordance with the relevant rules and law, it would nonetheless add nothing worthy of consideration because it provides no evidentiary proof to rebut Compass's proffered non-discriminatory reasons for not promoting her.

**CONCLUSION**

For the foregoing reasons and by separate order, Compass's motion for summary judgment and motion to strike Lewis's declaration will be granted.

**DONE** this 26th day of February, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

12